IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA-
NORTHERN DIVISION

RECEIVED
2026 FEB -4  A 10: 37

Gregory Paul Violette,
Barbara A Violette,

    Plaintiffs,

Vs.

Carrington Mortgage Services, LLC et al

    Defendants.

CASE NO. 2:26-cv-00064-BL-JTA
FORMERLY No.: 23-CV-2025-900180
In the Circuit Court of Covington
County, Alabama

## PLANTIFF'S MOTION TO REMAND TO THE COVINGTON COUNTY ALABAMA CIRCUIT COURT

COME NOW the Plaintiffs, Gregory Paul Violette and Barbara A. Violette, appearing **pro se,** and respectfully move this Honorable Court to **remand this action to the Circuit Court of Covington County, Alabama**, pursuant to **28 U.S.C. § 1447(c)**, for lack of subject-matter jurisdiction. In support thereof, Plaintiffs state as follows:

## I. PROCEDURAL BACKGROUND

1. This action was originally filed in the **Circuit Court of Covington County, Alabama**, asserting claims arising from **fraud, breach of contract, conversion, escrow mismanagement, fiduciary duty violations, and unfair/deceptive practices** related to Defendants' mortgage servicing conduct.

1

2. Defendants removed this action to federal court, alleging federal jurisdiction.
3. Removal was improper because **this Court lacks original jurisdiction**, and all doubts regarding removal must be resolved in favor of remand.

## II. LEGAL STANDARD

Federal courts are courts of **limited jurisdiction**. Removal statutes are **strictly construed**, and the removing party bears the burden of establishing federal jurisdiction.
See **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941).

If at any time it appears that the district court lacks subject-matter jurisdiction, **the case must be remanded**.
28 U.S.C. § 1447(c).

## III. THIS COURT LACKS FEDERAL QUESTION JURISDICTION

### A. The Well-Pleaded Complaint Rule Controls

Under **28 U.S.C. § 1331**, federal jurisdiction exists only when a federal question appears on the **face of a properly pleaded complaint**.
Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

Plaintiffs' complaint is **not a federal cause of action complaint**. It is fundamentally a **state-law fraud and contract action** involving:

- Breach of mortgage and escrow agreements
- Conversion and wrongful retention of funds
- Fiduciary duty violations
- Unfair and deceptive business practices

Any reference to **RESPA** is **incidental and supportive**, used only to demonstrate **unlawful conduct** and **industry standards**, not to assert an independent federal claim.

### B. No Substantial Federal Issue Is Required to Be Resolved

A case does not "arise under" federal law merely because a federal statute is referenced.
 *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986).

Plaintiffs can prevail entirely on **state law grounds** without this Court interpreting or enforcing federal law. Therefore, federal jurisdiction does not exist.

## IV. THIS COURT LACKS DIVERSITY JURISDICTION

### A. Complete Diversity Is Absent

Under **28 U.S.C. § 1332**, diversity jurisdiction requires **complete diversity** between all Plaintiffs and all Defendants.

Plaintiffs are **citizens of Alabama**.
 At least one Defendant is either:

- A citizen of Alabama, **and/or**
- An entity whose members include Alabama citizens (LLC citizenship rule), **and/or**
- A properly named in-state defendant (including executive officers and agents sued in their official and individual capacities)

Thus, **complete diversity does not exist**, and removal under § 1332 is improper.

### B. The Forum Defendant Rule Bars Removal

Even if diversity were alleged, removal is barred under **28 U.S.C. § 1441(b)(2)** when any properly joined defendant is a citizen of the forum state (Alabama).

## V. STATE LAW CLAIMS PREDOMINATE

This action concerns:

- Mortgage escrow handling
- Contractual duties
- Property-related financial misconduct
- Consumer fraud under state law

These are matters traditionally reserved to **state courts**, and principles of **comity and federalism** strongly favor remand.

## VI. REMAND IS MANDATORY

Because Defendants have failed to establish:

- Federal question jurisdiction, **and**
- Diversity jurisdiction,

This Court **must remand** the action to state court.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. **Grant this Motion to Remand;**
2. **Remand this action to the Circuit Court of Covington County, Alabama;**
3. Award Plaintiffs costs and fees incurred as a result of improper removal, pursuant to **28 U.S.C. § 1447(c)**; and
4. Grant such other and further relief as the Court deems just and proper.

Dated at Andalusia, AL, on the 2nd day of February 2025.

*[signature]*  *[signature: Barbara Violette]*

**Gregory Paul Violette, Pro Se Plaintiff**        **Barbara A. Violette, Pro Se Plaintiff**
19992 Airport Rd
Andalusia, AL 36421
Phone: 207-399-7567

**CERTIFICATE OF SERVICE**

I certify that on this 2nd day of January 2026, a copy of the foregoing Motion

**PLANTIFF'S MOTION TO REMAND TO THE COVINGTON COUNTY ALABAMA CIRCUIT COURT** was served on all counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.

Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Ave North
Birmingham, AL 35203


Gregory Paul Violette

19992 Airport Rd
Andalusia, AL 36421



MONTGOMERY AL 360
3 FEB 2026 FAM 2

US District Court
B-110
One Church Street
Montgomery, AL 36104

36104-401801