**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED
2026 MAR -3 A 11: 04

Gregory Paul Violette,
Barbara A. Violette,
Plaintiffs,

v.                                              CASE NO. 2:26-cv-00064-BL-JTA

Carrington Mortgage Services, LLC, et al.,
Defendants.

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND OPPOSITION TO DEFENDANTS' ARGUMENT AGAINST REMAND

COME NOW the Plaintiffs, Gregory Paul Violette and Barbara A. Violette, appearing pro se, and respectfully submit this Reply in Support of their Motion to Remand pursuant to 28 U.S.C. § 1447(c), and in opposition to Defendants' assertion that federal question jurisdiction exists.

## I. DEFENDANTS MISCHARACTERIZE THE COMPLAINT

Defendants argue that Plaintiffs' complaint "presents a clear RESPA claim" and therefore invokes federal question jurisdiction under 28 U.S.C. § 1331. This argument misstates both pleading and governing law.

The Complaint does not assert a standalone cause of action under the Real Estate Settlement Procedures Act (RESPA). Any reference to RESPA was made solely:

- As evidence of industry standards;
- To demonstrate unlawful servicing conduct;
- To support state-law fraud and breach claims.

1

The Complaint asserts a cause of action grounded in Alabama state law, including:

- Fraud
- Breach of contract
- Conversion
- Fiduciary duty violations
- Escrow mismanagement
- Unfair and deceptive practices

Federal jurisdiction cannot be created by recharacterizing a state-law complaint.

## II. THE WELL-PLEADED COMPLAINT RULE CONTROLS

Under the well-pleaded complaint rule established in:

- Louisville & Nashville R.R. v. Mottley
- Merrell Dow Pharmaceuticals Inc. v. Thompson

Federal question of jurisdiction exists only when a federal question appears on the face of a properly pleaded complaint.

Plaintiffs are masters of their complaint and may rely exclusively on state law even where federal law could provide an alternative theory.

The Supreme Court has made clear that:

- A federal defense does not create federal jurisdiction.
- Anticipated reliance on federal law does not create federal jurisdiction.
- Reference to a federal statute does not automatically convert a state claim into a federal one.

2

# III. NO EXCEPTION TO THE WELL-PLEADED COMPLAINT RULE APPLIES

Defendants suggest that Plaintiffs cannot "avoid federal jurisdiction" by omitting a "necessary federal question." This argument fails.

## A. Complete Preemption Does Not Apply

Complete preemption applies only in rare circumstances where Congress intended federal law to entirely displace state law. Examples include ERISA and certain Labor Management Relations Act claims.

RESPA does not completely preempt state law.

Nothing in RESPA indicates congressional intent to transform state-law mortgage servicing disputes into exclusively federal claims.

Therefore, the complete preemption of doctrine does not apply.

## B. No Substantial Federal Issue Is Necessarily Raised

Under the substantial federal question doctrine, federal jurisdiction may exist where:

1. A federal issue is necessarily raised;
2. It is actually disputed;
3. It is substantial; and
4. Federal jurisdiction will not disturb the federal-state balance.

Plaintiffs' claims can be resolved entirely under Alabama contract and tort principles without interpreting RESPA.

Thus:

- No federal issue is necessarily raised.
- No federal issue must be resolved for Plaintiffs to prevail.

3

Accordingly, § 1331 jurisdiction does not exist.

## IV. SUPPLEMENTAL JURISDICTION CANNOT CREATE ORIGINAL JURISDICTION

Defendants argue this Court has "at minimum supplemental jurisdiction."

Supplemental jurisdiction under 28 U.S.C. § 1367 requires an existing claim within the Court's original jurisdiction.

If no federal claim exists, there is no jurisdictional anchor.

Without original jurisdiction, supplemental jurisdiction cannot independently sustain removal.

## V. DIVERSITY JURISDICTION REMAINS DEFECTIVE

Even assuming arguendo that federal question jurisdiction fails (as it must), removal is still improper if diversity jurisdiction is absent.

Under 28 U.S.C. § 1332:

- Complete diversity must exist between all plaintiffs and all defendants.
- LLC citizenship is determined by the citizenship of each member.

Defendants bear the burden of establishing complete diversity. Any failure to properly allege and prove citizenship requires remand.

Additionally, the forum defendant rule under 28 U.S.C. § 1441(b)(2) bars removal if any properly joined defendant is a citizen of Alabama.

All doubts must be resolved in favor of remand.

See:

4

- Shamrock Oil & Gas Corp. v. Sheets

## VI. REMOVAL STATUTES ARE STRICTLY CONSTRUED

The Supreme Court has repeatedly held that removal statutes must be strictly construed, and any ambiguity must be resolved in favor of remand to the state court.

Defendants have not met their burden to establish:

- Federal question jurisdiction; or
- Diversity jurisdiction.

## VII. REMAND IS MANDATORY UNDER § 1447(c)

Under 28 U.S.C. § 1447(c):

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Because subject-matter jurisdiction is lacking, remand is not discretionary — it is mandatory.

## VIII. REQUEST FOR COSTS AND FEES

Where removal lacks an objectively reasonable basis, the Court may award just costs and actual expenses, including attorney fees.

Given the absence of a properly pleaded federal claim and the clear application of the well-pleaded complaint rule, Plaintiffs respectfully request an award of costs incurred due to improper removal.

## CONCLUSION

Defendants' opposition rests on a mischaracterization of Plaintiffs' complaint and an incorrect application of federal jurisdiction principles.

The Complaint asserts state-law causes of action.

No federal claim is pleaded.

No complete preemption applies.

No substantial federal issue is necessarily raised.

No independent basis for federal jurisdiction exists.

Accordingly, this Court must remand this action to the Circuit Court of Covington County, Alabama.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Grant Plaintiffs' Motion to Remand;
2. Deny Defendants' opposition to remand;
3. Remand this action to the Circuit Court of Covington County, Alabama;
4. Award costs and expenses pursuant to 28 U.S.C. § 1447(c); and
5. Grant such other relief as the Court deems just and proper.

Gregory Paul Violette, Pro Se
19992 Airport Rd
Andalusia, AL 36421
207-399-7567

Barbara A. Violette, Pro Se

6

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of February 2026, a copy of the foregoing Motion **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND AND OPPOSITION TO DEFENDANTS' ARGUMENT AGAINST REMAND** was filed with the court and served on all counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.

US District Court
B-110
One Church Street
Montgomery, AL 36104

Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Ave North
Birmingham, AL 35203


Gregory Paul Violette

19992 Airport Rd
Andalusia, AL 36421



US District Court
B-110
One Church Street
Montgomery, AL 36104

3610484018 C039