IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, and BARBARA A VIOLETTE, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No.: 2:26-cv-00064 |
| v. | ) ) ) | Removed from the Circuit Court of Covington County, Alabama, Case No.: 23-CV-2025-900180 |
| CARRINGTON MORTGAGE SERVICES, LLC, SHIRLEY CARRINGTON, JOHN DOE ONE, BRETT WILBUR, JOHN DOE TWO, TED RAY, JOHN DOE THREE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT CARRINGTON MORTGAGE SERVICES LLC's MOTION QUASH SERVICE OF SUMMONS

Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), Defendant Carrington Mortgage Services, LLC ("Carrington"), by and through undersigned counsel, hereby moves to quash the return of service of summons for insufficient process and service of process as to Brett Wilbur and Ted Ray. In support of this Motion, Carrington submits as follows:[1]

---

[1] Carrington further submits the Declaration of Jon Patterson in support of this motion, attached hereto as **Exhibit A**. In deciding a Rule 12(b)(5) motion, a court may consider matters outside of the pleadings and make findings of fact based on affidavits and other evidence relevant to the service issue. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

1

### INTRODUCTION

On December 15, 2025, Plaintiffs Gregory Paul Violette and Barbara A. Violette (together, "Plaintiffs") filed their Complaint (the "Complaint")[2] in the Circuit Court of Covington County where this action was removed from. *See* Compl.; Doc. 1. The Complaint named Carrington, Shirley Carrington, John Doe One, John Doe Two, John Doe Three, Ted Ray, and Brett Wilbur. *See* Compl. Upon information and belief, Ted Ray and Brett Wilbur (together, the "Non-Resident Defendants") are not residents of the State of Alabama.

As demonstrated below, Plaintiffs' purported service on Non-Resident Defendants was improper and insufficient. Accordingly, the Court should grant this Motion and quash the attempted service of process on the Non-Resident Defendants, Brett Wilbur and Ted Ray.

On February 10, 2026, this Court entered an order requiring Plaintiffs to properly serve the Non-Resident Defendants. Doc. 9. In response to this order, on February 24, 2026, Plaintiffs submitted proposed summons to Ted Ray and Brett Wilbur. Doc. 15. Plaintiffs recorded both Non-Resident Defendants' addresses as "Bradley Arant Boult Cummings, LLP, One Federal Place, 1819 Fifth Ave North, Birmingham, AL 35203." *Id.* at 1, 3. This is the address of the law firm of Bradley

---

[2] Plaintiffs' Complaint is attached as part of Exhibit A to Carrington's Notice of Removal. (Doc. 1-1 at 10, hereinafter cited as Compl.).

Arant Boult Cummings LLP ("Bradley"), the firm representing Carrington in this matter.  Service of process to Ted Ray and Bret Wilbur is not proper at this address.

## LEGAL STANDARD

Because the Federal Rules of Civil Procedure do not expressly provide for motions to quash, even if a "defendant does not seek dismissal, motions to quash are considered under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure." *Smith v. Franklin*, No. 2:24-CV-361-ECM-JTA, 2025 WL 1020782, at *2 (M.D. Ala. Apr. 4, 2025). Federal Rule of Civil Procedure Rule 12(b)(4) concerns insufficient process, while 12(b)(5) permits a defendant to move to dismiss a complaint for "failure to satisfy the requirements for proper service of process set forth in Rule 4 of the Federal Rules of Civil Procedure." *Id.*

Plaintiffs bear the responsibility of serving the named defendants with copies of the complaint and a summons in accordance with Federal Rule of Civil Procedure 4. *Lepone-Dempsey v. Carroll Cty. Comm'rs.*, 476 F.3d 1277, 1280-81 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(c)(1)). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "[S]o if a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant." *Jones Stephens Corp. v. Coastal Ningbo Hardware*

3

*Mfg. Co., LTD*, No. 2:17-CV-00748-KOB, 2019 WL 2409082, at \*1 (N.D. Ala. June 7, 2019) (citing *Pardazi*, 896 F.2d at 1317)).

Further, the serving party bears the burden of proof regarding validity of service. *Fitzpatrick v. Bank of N.Y. Mellon,* 580 F. App'x 690, 694 (11th Cir. 2014) (per curiam) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity."). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam). Although the pleadings of *pro se* litigants are liberally construed, the Eleventh Circuit has "nevertheless [] required them to conform to the procedural rules." *Id.* (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). Where a plaintiff cannot meet its burden to prove valid service, that "service generally will be quashed . . . ." *Jackson v. Vaughan Reg'l Med. Ctr.,* No. 09-0203-WS-B, 2009 WL 3242082 at \*4 (S.D. Ala. Oct. 6, 2009) (quoting 5B Wright & Miller, *Federal Practice & Procedure Civ. 3d* § 1354).

## ARGUMENT

Plaintiffs have failed to effectuate proper service of process on the Non-Resident Defendants as required by Rule 4 of the Federal Rules of Civil Procedure and Alabama law. In all cases, except for those in which the defendant has waived service, service cannot be perfected without both the summons and the complaint

being served on the named defendant. When a party is not served in accordance with the rules, the court lacks jurisdiction over them. *See Pardazi*, 896 F.2d at 1317.

Service of process on individuals is governed by Fed. R. Civ. P. 4(e) which permits service of an individual to be effectuated in the following manner:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiffs have attempted to effectuate service by mailing a copy of the summons and complaint to Non-Resident Defendants at an address associated with Carrington's counsel of record, Bradley. Plaintiffs did not attempt to deliver the summons and Complaint to the Non-Resident Defendants in accordance with Fed. R. Civ. P. 4(e)(2). Accordingly, pursuant to Fed. R. Civ. P. 4(e)(1), service is only proper if Plaintiffs perfected service in accordance with Alabama's service rules.

Alabama's rule for service upon an individual is nearly identical to the Federal Rule. In short, under both Federal and Alabama law, proper service on an individual

occurs only when a copy of the summons and complaint are delivered to an individual defendant (1) personally, (2) at their home, or (3) to their registered agent. Plaintiffs have done none of the three. Jon Patterson, counsel for Carrington, is not a registered agent of either Ted Ray or Brett Wilbur or otherwise authorized to accept service on their behalf. **Ex. A**. Moreover, no individual at Bradley is authorized to accept service on behalf of Ted Ray and/or Brett Wilbur. *Id.*

Issuing summons by mail to Bradley's address, as counsel for Carrington, is not an authorized method of service as to an individual, regardless of whether Ted Ray and/or Brett Wilbur are or were previously employed by Carrington. The certified mail was not delivered to either of the Non-Resident Defendants personally, left at their home addresses, or delivered to their registered agents.[3]

Further, Plaintiffs have provided no other evidence that the mailings to this address constituted proper service on the Non-Resident Defendants, and the serving party bears the burden of proof regarding validity of service. *Fitzpatrick*, 580 F. App'x at 694 ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity.").

Because Plaintiffs' attempted service of process on individuals by certified mail to Bradley's address was insufficient and invalid, Brett Wilbur and Ted Ray

---

[3] As stated, neither Bradley nor any of its employees (including counsel for Carrington, Jon Patterson) serve as a registered agent for Brett Wilbur or Ted Ray. Moreover, neither Carrington nor any of its employees serve as a registered agent for Brett Wilbur or Ted Ray.

have yet to be properly served. With no proper service, this Court lacks jurisdiction. Accordingly, the return of service of summons on the Non-Resident Defendants should be quashed, and Plaintiffs' claims against the Non-Resident Defendants should be dismissed for insufficient process and service of process under Fed. R. Civ. P. 12(b)(4) and 12(b)(5) so this matter can proceed.

## CONCLUSION

Based upon the foregoing, Carrington respectfully requests that the Court quash service of the summons on Ted Ray and Brett Wilbur and dismiss them from this action.

Respectfully submitted, this 23rd day of March, 2026.

/s/ Jon Patterson
Jon Patterson (PAT066)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jpatterson@bradley.com
*Attorney for Defendant Carrington Mortgage Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2026, this pleading was e-filed and further that I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Gregory Paul Violette
Barbara A Violette
19992 Airport Road
Andalusia, AL 36421

*Pro se Plaintiffs*


*/s/ Jon Patterson*
OF COUNSEL

8