# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

Gregory Paul Violette,

Barbara A. Violette,

Plaintiffs,

v.                                                    CASE NO. 2:26-cv-00064-BL-JTA

Carrington Mortgage Services, LLC, et al.,

Defendants.

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

WHY DEFENDANTS WILBUR AND RAY SHOULD NOT BE DISMISSED**

COME NOW the Plaintiffs, Gregory Paul Violette and Barbara A. Violette, appearing pro se, and respectfully respond to this Court's Order to Show Cause regarding Defendants Brett Wilbur and Ted Ray, and state as follows:

## I. INTRODUCTION

The Court has directed Plaintiffs to show cause why Defendants Brett Wilbur and Ted Ray should not be dismissed.

Dismissal at this stage is improper because Plaintiffs have asserted viable claims against these Defendants in their **individual and official capacities**, based on their **personal participation, authorization, ratification, and supervision** of the wrongful conduct at issue.

1

At minimum, Plaintiffs have stated plausible claims sufficient to survive dismissal under Rule 12(b)(6), and any factual disputes must be resolved in Plaintiffs' favor at this stage.

## II. LEGAL STANDARD

A complaint must only contain sufficient factual matter to state a claim that is **plausible on its face**.
See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

At the motion to dismiss stage:

- The Court must accept all factual allegations as true
- The Court must construe all reasonable inferences in favor of the plaintiff
- Dismissal is improper unless no set of facts would entitle relief

## III. INDIVIDUAL LIABILITY OF CORPORATE OFFICERS IS WELL ESTABLISHED

Under Alabama law and general principles of tort and agency:

- Corporate officers **are personally liable** for their own tortious conduct
- Liability exists where the officer:
    - Personally, participates in wrongful acts
    - Directs or authorizes misconduct
    - Knows of wrongful conduct and fails to stop it
    - Ratifies unlawful actions

See, e.g.:

2

- *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So.2d 774 (Ala. 1986)
- *Sieber v. Campbell*, 810 So.2d 641 (Ala. 2001)

A corporate title does **not shield an individual** from liability for fraud, conversion, or other torts.

## IV. PLAINTIFFS HAVE ASSERTED CLAIMS AGAINST WILBUR AND RAY BASED ON THEIR PERSONAL INVOLVEMENT

Defendants Wilbur and Ray were not named merely because of their titles.

They were included because:

- They are **Executive Vice Presidents** with authority over mortgage servicing operations
- They exercised **decision-making authority and control** over policies and practices affecting Plaintiffs' loan and escrow account
- They **authorized, directed, or knowingly permitted** the misconduct, including:
    - Misapplication and conversion of escrow funds
    - Failure to properly account for payments
    - Continuation of improper servicing practices after notice
- They **ratified and failed to correct** known wrongful conduct after being placed on notice

These allegations establish **personal participation and supervisory liability**, which is sufficient at the pleading stage.

3

## V. DISCOVERY IS REQUIRED BEFORE DISMISSAL

Much of the evidence concerning:

- Internal decision-making
- Policy directives
- Knowledge of misconduct
- Communications regarding Plaintiffs' account

is **within the exclusive control of Defendants**.

Dismissal prior to discovery would:

- Improperly shield responsible individuals
- Prevent Plaintiffs from obtaining evidence necessary to prove their claims

Courts routinely deny dismissal where facts regarding individual involvement are uniquely within defendants' control.

## VI. DISMISSAL WOULD ALSO IMPACT JURISDICTIONAL ANALYSIS

Defendants' attempt to dismiss Wilbur and Ray appears strategic and directly tied to removal of jurisdiction.

Their presence is material to:

- **Diversity analysis** (citizenship and complete diversity)
- **Forum defendant rule under 28 U.S.C. § 1441(b)(2)**

Improper dismissal of non-diverse or forum defendants would:

- Prejudice Plaintiffs

- Artificially manufacture federal jurisdiction

Courts disfavor such tactics and require careful scrutiny before dismissing such parties.


## VII. PLAINTIFFS HAVE, AT MINIMUM, STATED PLAUSIBLE CLAIMS

At this stage, Plaintiffs are **not required to prove their case**, only to plead plausible claims.

Plaintiffs have alleged:

- Fraud and misrepresentation
- Conversion of funds
- Breach of fiduciary duties
- Escrow mismanagement
- Unfair and deceptive practices

and have tied those claims to the actions and authority of Wilbur and Ray.

This satisfies federal pleading standards.


## VIII. CONCLUSION

Plaintiffs have demonstrated good cause why Defendants Brett Wilbur and Ted Ray should **not be dismissed**.

They are properly named defendants based on:

- Personal involvement
- Supervisory authority
- Ratification of wrongful conduct

5

Dismissal at this stage would be premature and unjust.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. DISCHARGE the Order to Show Cause;
2. DENY any dismissal of Defendants Brett Wilbur and Ted Ray;
3. Allow claims against these Defendants to proceed to discovery; and
4. Grant such other and further relief as the Court deems just and proper.

Dated this 1st day of April 2026 at Andalusia, AL 36421

Gregory Paul Violette, Pro Se
19992 Airport Rd
Andalusia, AL 36421
207-399-7567

Barbara A. Violette, Pro Se

## CERTIFICATE OF SERVICE

I certify that on this 1st day of April 2026, a copy of the foregoing Motion **PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** was filed with the court and served on all counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.


US District Court
**B-110**
One Church Street
Montgomery, AL 36104


**Bradley Arant Boult Cummings, LLP**
**One Federal Place**
**1819 Fifth Ave North**
**Birmingham, AL 35203**


Gregory Paul Violette



Dr. Gregory & Barbara A. Violette
19992 Airport Rd
Andalusia, AL 36421



MONTGOMERY AL  360
2 APR 2026   AM 3

US District Court
B-110
One Church Street
Montgomery, AL 36104

36104-401601