**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **GREGORY PAUL VIOLETTE,** and **BARBARA A VIOLETTE,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | **Civil Action No.: 2:26-cv-00064** |
| **v.** | ) ) ) | **Removed from the Circuit Court of Covington County, Alabama, Case No.: 23-CV-2025-900180** |
| **CARRINGTON MORTGAGE SERVICES, LLC, SHIRLEY CARRINGTON, JOHN DOE ONE, BRETT WILBUR, JOHN DOE TWO, TED RAY, JOHN DOE THREE,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**DEFENDANT CARRINGTON MORTGAGE SERVICES LLC's
REPLY IN SUPPORT OF MOTION QUASH SERVICE OF SUMMONS**

**COMES NOW** Defendant Carrington Mortgage Services, LLC ("Carrington"), by and through undersigned counsel and pursuant to this Court's March 24, 2026 Order (Doc. 20), files its reply in support of its Motion to Quash Service of Summons. Doc. 19. In further support thereof, Carrington respectfully states as follows:

1

## INTRODUCTION

On December 15, 2025, Plaintiffs Gregory Paul Violette and Barbara A. Violette (together, "Plaintiffs") filed their Complaint (the "Complaint")[1] asserting claims against Carrington, Shirley Carrington, John Doe One, John Doe Two, John Doe Three, Ted Ray, and Brett Wilbur. *See* Compl. Upon information and belief of Carrington, Ted Ray and Brett Wilbur (together, the "Non-Resident Defendants") are not residents of the State of Alabama.

On February 10, 2026, this Court entered an order requiring Plaintiffs to properly serve the Non-Resident Defendants. Doc. 9. In response to this order, on February 24, 2026, Plaintiffs attempted to effectuate service of process on by serving Ted Ray and Brett Wilbur at "Bradley Arant Boult Cummings, LLP, One Federal Place, 1819 Fifth Ave North, Birmingham, AL 35203." *See* Doc. 15 at 1, 3. However, this was the address of the law firm representing Carrington in this matter, Bradley. *See id.*

Consequently, on March 23, 2026, Carrington filed a Motion to Quash Service of Summons on the Non-Resident Defendants for insufficient process and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5). *See* Doc. 19. The Court issued a briefing schedule on this motion that required Plaintiffs to "show cause why

---

[1] Plaintiffs' Complaint is attached as part of Exhibit A to Carrington's Notice of Removal. (Doc. 1-1 at 10, hereinafter cited as Compl.).

Defendant's motion should not be granted." Doc. 20. On April 6, Plaintiffs filed a "Response to Order to Show Cause" (Doc. 21) (the "Response") – however, Plaintiffs' Response entirely fails to comply with this Court's order and "address the issues raised by Defendant in the motion." *See* Doc. 20.

As demonstrated in Carrington's Motion to Quash, Plaintiffs' purported service on Non-Resident Defendants was improper and insufficient, and Plaintiffs have not complied with this Court's "show cause" order or otherwise demonstrated why Carrington's motion should not be granted. Plaintiffs' Response did not address the threshold question of whether service was effectuated in accordance with the rules, but instead argued as to the merits of why the Non-Resident Defendants should not be dismissed. Accordingly, the Court should grant Carrington's Motion and quash the attempted service of process on the Non-Resident Defendants, Brett Wilbur and Ted Ray and dismiss them from this action pursuant to the Court's March 24, 2026 Order (Doc. 20) and the Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

## **ARGUMENT**

I.      **Plaintiffs' Response failed to comply with the Court's "Show Cause" Order, and therefore, Ted Ray and Brett Wilbur should be dismissed from this action.**

As a preliminary matter, Plaintiffs' have failed to show cause as to why Carrington's Motion should not be granted. The Court's Order was clear—Plaintiffs

3

were directed to "show cause in writing as to why Defendant's motion to quash should not be granted." Doc. 20. Plaintiffs were "specifically ADVISED to address the issues raised by Defendant in the motion" and were "CAUTIONED that should they fail to show cause why Defendant's motion should not be granted or fail to comply with this Order, the Magistrate Judge will recommend that Defendants Wilbur and Ray be dismissed from this action." *Id.* Carrington's Motion was based entirely on the responsibility of Plaintiffs to comply with Federal Rule of Civil Procedure 4 in serving the summons and complaint to the Non-Resident Defendants. *See* Doc. 19. Plaintiffs did not address this issue in their Response.

As stated in Carrington's Motion, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Yet, Plaintiffs' Response discusses only the substantive requirements to plead a claim against a defendant. *See* Doc. 21. Plaintiffs' Response argues that "[d]ismissal at this stage is improper" because "[a]t a minimum, Plaintiffs have stated plausible claims sufficient to survive dismissal under Rule 12(b)(6), and any factual disputes must be resolved in Plaintiffs' favor at this stage." Doc. 21, at 1-2. Plaintiffs proceed to spend the next six-pages arguing that the Non-Resident Defendants are "personally liable for their own tortious conduct," that their allegations "establish personal participation and supervisory liability, which is

4

sufficient at the pleading stage," dismissal before discovery would prevent them from "obtaining evidence necessary to prove their claims," that Carrington's "attempt to dismiss [Non-Resident Defendants] [is] strategic" and conspires to "[a]rtifically manufacture federal jurisdiction," and that their claims against Non-Resident Defendants have "satisfie[d] federal pleading standards" as they are "not required to prove their case." *See* Doc. 21.

As discussed above, service of process is a *jurisdictional* requirement. Therefore, the Court "lacks jurisdiction over the person of a defendant when that defendant has not been served" in accordance with the applicable state or federal law. *Pardazi*, 896 F.2d at 1317. Because service of process was never validly made on either Ted Ray or Brett Wilbur, this Court lacks jurisdiction over them and cannot make any ruling on the substantive merits of Plaintiffs' claims against them.

Whatever merits Plaintiffs' arguments set forth in their Response may hold in another context, they are entirely irrelevant to the *actual* issue before the Court— whether Plaintiffs properly served the Non-Resident Defendants. Because Plaintiffs have entirely failed to comply with this Court's Order or address any argument whatsoever made by Carrington in its Motion to Quash, the Court should grant Carrington's Motion and Dismiss Defendants Brett Ray and Ted Wilbur from this action.

5

**II.     The attempted service to Ted Ray and Brett Wilbur was ineffective and invalid under state and federal law.**

Moreover, as set forth in Carrington's Motion to Quash, Plaintiffs have failed to effectuate proper service of process on the Non-Resident Defendants as required by Rule 4 of the Federal Rules of Civil Procedure and Alabama law. Plaintiffs, as "the serving parties[,] bear[] the burden of proof regarding validity of service." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (per curiam) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity."). Plaintiffs have not met their burden.

Under both Federal and Alabama law, service on an individual must be made: (1) personally, (2) at their home, or (3) to their registered agent. Plaintiffs have done none of the three. As attested to in conjunction with Carrington's Motion to Quash, Jon Patterson, counsel for Carrington, is not a registered agent of either Ted Ray or Brett Wilbur or otherwise authorized to accept service on their behalf. *See* Doc. 19, Ex. A. Moreover, no individual at Bradley is authorized to accept service on behalf of Ted Ray and/or Brett Wilbur. *Id.*

Thus, as described in more detail in Carrington's Motion to Quash, effective service has not been made and this Court lacks jurisdiction over the Non-Resident Defendants. And further, although Plaintiffs are proceeding *pro se*, courts in the Eleventh Circuit still "require[] them to conform to the procedural rules," *e.g.*, Rule 4. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Plaintiffs were

6

provided with an opportunity to show why service on the Non-Resident Defendants should be deemed adequate, but they chose not to do so. Plaintiffs' Response fails to address the service defect and offers no factual basis or legal authority supporting their attempted service. For these reasons too, Carrington's Motion to Quash (Doc. 21) should be granted and the Non-Resident Defendants, Ted Ray and Brett Wilbur, should be dismissed from this action.

## **CONCLUSION**

Based on the foregoing, and for the reasons explained in Carrington's Motion to Quash (Doc. 21), Ted Ray and Brett Wilbur have not received proper service of process, and this Court does not have jurisdiction over them. Accordingly, Carrington respectfully requests this Court grant its Motion to Quash and dismiss the Non-Resident Defendants from this action.

Respectfully submitted, this 17th day of April, 2026.

*/s/ Jon Patterson*
Jon Patterson (PAT066)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jpatterson@bradley.com
*Attorney for Defendant Carrington*
*Mortgage Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, this pleading was e-filed and further that I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Gregory Paul Violette
Barbara A Violette
19992 Airport Road
Andalusia, AL 36421

*Pro se Plaintiffs*

*/s/ Jon Patterson*
OF COUNSEL

8