IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, and BARBARA A VIOLETTE, | ) ) ) | |
| Plaintiffs, | ) ) ) ) | Civil Action No.: 2:26-cv-00064 |
| v. | ) ) ) | Removed from the Circuit Court of Covington County, Alabama, Case No.: 23-CV-2025-900180 |
| CARRINGTON MORTGAGE SERVICES, LLC, SHIRLEY CARRINGTON, JOHN DOE ONE, BRETT WILBUR, JOHN DOE TWO, TED RAY, JOHN DOE THREE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

DEFENDANT CARRINGTON MORTGAGE SERVICES LLC's
RESPONSE TO ORDER TO SHOW CAUSE

**COMES NOW** Defendant Carrington Mortgage Services, LLC ("Carrington"), by and through undersigned counsel, files this response to this Court's May 15, 2026 Order (Doc. 23), and states that it does not object to consolidation of this matter with *Violette, et al. v. Carrington Mortg. Servs., LLC, et al.*, Case No. 2:26-cv-00200-MHT-JTA.[1] Carrington respectfully states as follows:

---

[1] By consenting to consolidation, Carrington in no way intends to waive any arguments made in favor of dismissal of Plaintiffs' actions and/or claims. Specifically, Carrington expressly reserves its argument that Plaintiffs' second action should be dismissed in its entirety for improper claim splitting. *See Violette, et al. v. Carrington Mortg. Servs., LLC, et al.*, Case No. 2:26-cv-00200-MHT-JTA, at Doc. 5.

1

On December 15, 2025, Plaintiffs initiated the present action by filing a complaint in the Circuit Court of Covington County, Alabama. *See* Doc. 1-1. Plaintiffs brought claims against Carrington, Shirley Carrington, Brett Wilbur, Ted Ray, and fictitious defendants,[2] alleging breach of contract, violations of RESPA, conversion, unfair and deceptive acts or practices, and breach of fiduciary duty. *Id.* Plaintiffs' claims arose in connection with a "Purchase Money Mortgage" Plaintiffs took out in favor of Carrington (the "Mortgage"), secured by the real property located at 603 N Main Street, Opp, Alabama 36467 (the "Property"). Less than two months later, Plaintiffs filed a second complaint in the Circuit Court of Covington County, Alabama against Carrington and "Shirley Carrington." *See Violette II*, at Doc. 1-1. Plaintiffs attempted to bring additional claims for declaratory judgment, lack of standing/real party in interest, violations of the Fair Debt Collection Practices Act ("FDCPA"), violations of the Real Estate Settlement Procedures Act's ("RESPA") implementing regulation, Regulation X, and for equitable and injunctive relief. *Id.* Accordingly, both of the actions brought by Plaintiffs involve the same underlying Mortgage, Property, parties, and nearly identical factual allegations and claims.

---

[2] As acknowledged by the Court in its May 15, 2026 Order, Carrington is the only Defendant that has appeared in either proceeding. Doc. 23, at n.1. Plaintiffs also attempted to name "Shirley Carrington," Ted Ray, and Brett Wilbur as defendants in this action, and re-named "Shirley Carrington" in *Violette II*. However, Carrington notes that, upon information and belief, "Shirley Carrington" is a fictitious name and, as the Court is aware, valid service of process was never effectuated on Ted Ray or Brett Wilbur. *See* Doc. 9; Doc. 15; Doc. 16; Doc. 19; Doc. 22; Doc. 22.

As recognized by the Court, the "Federal Rules of Civil Procedure grants a district court discretion to consolidate actions…when multiple actions before it 'involve a common question of law or fact.'" Fed. R. Civ. P. 42(a). Doc. 23. Carrington agrees that the Court should exercise its discretion to consolidate the present action with *Violette, et al. v. Carrington Mortg. Servs., LLC, et al.*, Case No. 2:26-cv-00200-MHT-JTA ("*Violette* II") because both actions present substantially the same questions of law and fact, involve the same parties and property, and because consolidation is in the interest of judicial economy.

While Plaintiffs oppose consolidation on the basis that the "actions involve materially different causes of action, legal theories, requested remedies, and factual inquiries," the Court has already acknowledged that both proceedings "concern the same underlying property, [] name nearly identical Defendants, [and] [i]n both cases, Plaintiffs allege Defendant Carrington violated various federal laws during and after the execution of Plaintiffs' mortgage." Doc. 23; Doc. 26; *Violette II*, at Doc. 14. It is well established that "'[a]ctions that involve the same parties are apt candidates for consolidation ...'" *Chambers v. Cooney*, No. 07-0373-WSB, 2007 WL 3287364, at *2 (S.D. Ala. Nov. 2, 2007) (quoting *Blasko v. Washington Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007)). As such, Plaintiffs argument that "consolidation would not promote judicial economy" is without merit. Doc. 26; *Violette II*, at Doc. 14. Where there are "considerable common questions of law and fact, []

3

consolidation would promote the interests of judicial economy." *Chambers*, 2007 WL 3287364, at *2.

Plaintiffs further oppose consolidation on the basis that it would "prejudice [their] ability to present each action independently and clearly," and any "limited overlap" between the actions "does not outweigh the prejudice and confusion consolidation would create." Doc. 26; *Violette II*, at Doc. 14. However, Plaintiffs' purported "risk of jury confusion and prejudice" and judicial economy argument laid out in their opposition is undermined by their own filing. *See id.* Plaintiffs' opposition to consolidation has been docketed in both this proceeding, and in *Violette II* – the action they maintain is "materially different" from the one before this Court. *Id.* This is illustrative of the issue at hand and is precisely the scenario that Fed. R. Civ. P. 42(a) was intended to address. If Plaintiffs' actions were truly distinct, it would be facially clear where to file Plaintiffs' opposition and there would be no need for duplicative docketing. *See Woodward*, 1996 WL 1094746, at *5 (ordering consolidation where there were "overwhelming parallels" between actions). The mere filing of their opposition undermines Plaintiffs' position and confirms what this Court has noted and what the record reflects – that the actions are substantially related in facts, claims, and parties, and due to be consolidated.

While Plaintiffs may claim "prejudice" associated with consolidation, "district courts must weigh the risk of prejudice and confusion wrought by

consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Pigott v. Sanibel Dev., LLC*, No. 07-0083-WS-C, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007).  Here, each of these factors weighs in favor of consolidation, and Plaintiffs have failed to adequately demonstrate that any actual prejudice would result. Because "the argument in favor of consolidation is self-evident" and Plaintiffs have not offered "any compelling argument against consolidation," Carrington advocates for the Court to proceed accordingly. *Woodward*, 1996 WL 1094746, at *5.

## <u>CONCLUSION</u>

Based on the foregoing, Carrington does not oppose consolidation of this proceeding with *Violette, et al. v. Carrington Mortg. Servs., LLC, et al.*, Case No. 2:26-cv-00200-MHT-JTA, and hereby consents to and supports the Court's exercise of its power and discretion under Fed. R. Civ. P. 42(a) to consolidate these actions.

Respectfully submitted, this 29th day of May, 2026.

5

/s/ Jon Patterson
Jon Patterson (PAT066)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jpatterson@bradley.com
*Attorney for Defendant Carrington*
*Mortgage Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, this pleading was e-filed and further that I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Gregory Paul Violette
Barbara A Violette
19992 Airport Road
Andalusia, AL 36421

*Pro se Plaintiffs*

/s/ Jon Patterson
OF COUNSEL

6