IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GREGORY PAUL VIOLETTE and )
BARBARA A. VIOLETTE, )
  )
    Plaintiffs, )
  )
v. )     CASE NO. 2:26-cv-64-BL-JTA
  )     (WO)
CARRINGTON MORTGAGE )
SERVICES, LLC., et al., )
  )
    Defendants. )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is *pro se* Plaintiffs Gregory Paul Violette and Barbara A. Violette's

Motion to Remand to the Covington County Alabama Circuit Court. (Doc. No. 5.)[1]

For the following reasons, the undersigned recommends the motion to remand be

denied.

### I.    PROCEDURAL HISTORY AND ALLEGATIONS

On December 15, 2025, Plaintiffs filed their complaint in the Circuit Court of

Covington County, Alabama against Defendants Carrington Mortgage Services, LLC,

Shirley Carrington, Brett Wilbur, and Ted Ray. (Doc. No. 1-1 at 10.) Plaintiffs allege

Defendants engaged in fraud during the loan payment and escrow process. (*Id.*) From these

allegations Plaintiffs bring four claims: (1) breach of contract, escrow agreement

violations; (2) violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings
and entry of any orders or recommendations as may be appropriate. (Doc. No. 4.)

§ 2605; (3) conversion; (4) deceptive business practices in violation of consumer protection laws; and (5) breach of fiduciary duty and escrow mismanagement. (*Id*. at 10–12.)

On January 28, 2026, Defendant Carrington, LLC removed the case to this court. (Doc. No. 1.) On February 4, 2026, Plaintiffs filed a motion to remand. (Doc. No. 5.) Defendant Carrington, LLC filed a response, and Plaintiffs filed a reply. (Docs. No. 12, 17.)

The motion to remand is ripe for review.

## II.    STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exec. Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983). Federal courts only have the power to hear cases they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity jurisdiction[2] or federal question jurisdiction.[3] *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373

---

[2] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

[3] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

(11th Cir. 1998). The removing party has the burden of establishing the court has subject matter jurisdiction over an action. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996).

In addition, federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed), *overruled on other grounds by Iqbal*, 556 U.S. 662. Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))).

### III.   DISCUSSION

Defendant Carrington, LLC removed this case based on both federal question and diversity jurisdiction. (Doc. No. 1 at 3, 5.) Plaintiffs argue this case is due to be remanded because the court lacks federal question jurisdiction and diversity jurisdiction. (Doc. No. 5 at 2–3.) The undersigned agrees with Defendant and finds the court has federal question jurisdiction over this matter.[4]

---

[4] Defendant Carrington, LLC also argues it has sufficiently established diversity jurisdiction. (Doc. No. 12 at 10.) In its notice of removal, Defendant Carrington, LLC does not allege the citizenship of Defendants Ray and Wilbur. Defendant Carrington, LLC maintains that because Defendants Ray and Wilbur have not been served, "their citizenship is irrelevant for purposes of diversity

3

As Plaintiffs correctly note, "'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Lawrence v. Nation*, 192 F. Supp. 3d 1260, 1272 (M.D. Ala. 2016) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)). "Removal 'based on federal question jurisdiction' is proper 'only when the plaintiff's statement of his own cause of action shows that it is based on federal law.'" *Snellgrove v. Common Bond Title, LLC*, No. 1:17-cv-500-WKW, 2019 WL 4781599, at *2 (M.D. Ala. Sept. 30, 2019) (quoting *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999)).

Here, a federal question is presented on the face of Plaintiffs' complaint. Specifically, Plaintiffs allege "Defendants caused [v]iolations of RESPA (12 U.S.C. § 2605)[.]" (Doc. No. 1-1 at 11.) Plaintiffs further allege "RESPA mandates [t]imely escrow analysis[,] [r]eturn of escrow surpluses within 30 days[,] [and] [n]o excessive escrow collections. Holding funds after taxes have been waived is an illegal escrow surplus retention." (*Id.*) Construing Plaintiffs' complaint liberally, it appears they are alleging Defendants violated RESPA by "[h]olding funds after taxes have been waived" which resulted in "an illegal escrow surplus retention." Although Plaintiffs do not explain what

---

jurisdiction." (Doc. No. 12 at 12.) Defendant Carrington, LLC cites no law for this proposition. Eleventh Circuit precedent makes clear that the "party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant Carrington, LLC states in its response brief that "upon information and belief," Defendants Ray and Wilbur are citizens of California and Connecticut, respectively. (Doc. No. 12 at 12.) Plaintiffs maintain complete diversity does not exist, and neither party provides evidence to support their citizenship allegations. Thus, the undersigned cannot determine whether diversity jurisdiction exists. Because Plaintiffs raise a federal claim on the face of their complaint, the undersigned will not require further briefing on diversity jurisdiction.

the acronym "RESPA" stands for, as they do not state that "RESPA" stands for the Real Estate Settlement Procedures Act, Plaintiffs tether themselves to the actual federal statute by citing "12 U.S.C. § 2605." (Doc. No. 1-1 at 11.) Considering "RESPA, 12 U.S.C. § 2605, creates a private right of action against anyone who violates the provisions of that section[,]" *Neal v. Money Source, Inc.*, No. 7:23-cv-1020-ACA, 2025 WL 848460, at *7 (N.D. Ala. Mar. 18, 2025), Plaintiffs' RESPA statements in their complaint "show that [claim] is based on federal law.'" *Snellgrove*, 2019 WL 4781599, at *2.

Plaintiffs contend that any "reference to RESPA is incidental and supportive, used only to demonstrate unlawful conduct and industry standards, not to assert an independent federal claim." (Doc. No. 5 at 3.) The undersigned is not persuaded.

In their reply brief, Plaintiffs state they bring only state law claims for fraud, breach of contract, conversion, fiduciary duty violations, escrow mismanagement, and unfair and deceptive practices. (Doc. No. 17 at 2.)[5] But in Plaintiffs' complaint, those claims are alleged in numbered paragraphs one, three, four and five; just as the RESPA claim is alleged in numbered paragraph two. (*See* Doc. No. 1-1 at 10–12.) The RESPA allegations are not listed in a section separate and apart from the other claims, nor are they listed under

---

[5] Additionally, Plaintiffs cannot amend their complaint through a brief. *McIntosh v. Ragland*, No. 2:23-cv-470-RAH-JTA, 2024 WL 2946092, at *4 (M.D. Ala. June 11, 2024) (noting a plaintiff cannot amend a complaint through a response or other brief (collecting cases)), *report and recommendation adopted*, No. 2:23-cv-470-RAH-JTA, 2024 WL 3339604 (M.D. Ala. July 9, 2024); *also Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)).

a separate heading. Hence, the face of the complaint simply does not support Plaintiffs' assertions.

In view of Plaintiffs' explicit reliance on RESPA — a federal statute — in their complaint and the nature of the allegations, the undersigned concludes that the complaint pleads a cause of action that is based on federal law. Consequently, the court may properly exercise federal question jurisdiction. *See Snellgrove*, 2019 WL 4781599, at *2 (determining federal question jurisdiction existed when the plaintiff's complaint alleged violations of RESPA); *Madura v. BAC Home Loans Servicing, LP*, 734 F. App'x 629, 632 (11th Cir. 2018) ("Here, the district court had federal question jurisdiction . . . as the Maduras raised claims under the RESPA, a federal statute."); *Cahill v. City of Jacksonville*, No. 3:25-cv-1494-MMH-PDB, 2026 WL 322769, at *3–4 (M.D. Fla. Feb. 6, 2026) (denying a motion to remand when the plaintiff brought four federal claims in her complaint).

Accordingly, Plaintiffs' motion to remand is due to be denied.

## IV.    CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS as follows:

1.  Plaintiffs' motion to remand (Doc. No. 5) be DENIED.

2.  This matter be referred back to the undersigned for further determination and recommendation as may be appropriate.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **July 13, 2026**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

6

frivolous, conclusive, or general objections will not be considered. Plaintiffs are advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

The Clerk of the Court is DIRECTED to provide a copy of this Recommendation to Plaintiffs by regular mail and by certified mail, return receipt requested.

DONE this 29th day of June, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

7